\  IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT F. RUSSO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 08-3014 |
| ) | |
| DONALD A. HULICK, ) | |
| ) | |
| Respondent. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (d/e 2) (Petition). This is the initial consideration of Petitioner's Petition under Rule 4 of the Rules Governing § 2254 Cases. Petitioner also has filed a number of motions; the Court addresses them below.

After a review of the Petition, this Court finds that a summary dismissal is not warranted. Therefore, pursuant to Rule 4, the Court directs the Attorney General for the State of Illinois to respond to Petitioner's Petition. The response shall discuss the merits and the procedural posture of the Petition, *i.e.* whether Petitioner has exhausted his state remedies

1

and/or procedurally defaulted any claims. See Rule 5 of the Rules Governing § 2254 Cases.

THEREFORE, the Attorney General for the State of Illinois is ordered to file an answer pursuant to Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases to Petitioner's Petition for a Writ of Habeas Corpus on or before April 30, 2008, and to provide the Court with a copy of trial transcripts on or before that date. Petitioner is granted 21 days from the time the answer is filed to file a reply.

Additionally, Petitioner has filed a Motion for Appointment of Counsel (d/e 3). There is no guaranteed right to assistance of counsel in a civil case. <u>DiAngelo v. Illinois Dept. of Public Aid</u>, 891 F.2d 1260, 1262 (7th Cir. 1989). The Court has not yet determined whether it must hold a hearing on the Petition. If the Court finds it necessary to hold a hearing, at that time the Court will appoint counsel pursuant to Rule 8 of the Rules Governing 28 U.S.C. § 2254 Cases. THEREFORE, Petitioner's Motion for Appointment of Counsel (d/e 3) is DENIED.

Petitioner also filed a Petition for Writ of Habeas Corpus Ad Testificandum (d/e 2) requesting a writ allowing him to testify at an evidentiary hearing regarding his Petition. Again, however, the Court has

not yet determined whether it must hold a hearing on the Petition. THEREFORE, Petitioners's Petition for Writ of Habeas Corpus Ad Testificandum (d/e 2) is DENIED, but Petitioner is granted leave to renew his request if the Court finds it necessary to hold a hearing.

Petitioner also filed a Motion for Production of Pre-Trial Discovery Documents (d/e 4). Petitioner requests production of various pre-trial documents, including investigative reports, witness statements and affidavits, and sentencing transcripts. The Attorney General for the State of Illinois is ordered to file a Response to this Motion by April 30, 2008.

Finally, Petitioner has filed a Motion for Leave to Amend 28 U.S.C.A. § 2254 Habeas Corpus Petition (d/e 5), requesting leave to amend his Petition after Respondent files an answer. The Court has granted Petitioner leave to file a reply 21 days from the time the answer is filed, but finds that Petitioner has not established grounds justifying amendment of his initial Petition. THEREFORE, Petitioner's Motion for Leave to Amend 28 U.S.C.A. § 2254 Habeas Corpus Petition (d/e 5) is DENIED. Should Petitioner decide that he must amend his initial Petition after reading Respondent's answer, he may seek leave to do so, but he must demonstrate that a reply is insufficient and that he had good reason for failing to include

the amended information when he filed his initial Petition.

IT IS THEREFORE SO ORDERED.

ENTER:   January 23, 2008

    FOR THE COURT:

                                     s/ Jeanne E. Scott
                                       JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE